UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Real Estate Equity Strategies, LLC,

        Plaintiff,

v.                                                            Civil No. 05-1008 (JNE/SRN)
                                                            ORDER

Internal Revenue Service,
Department of the Treasury,

        Defendant.

Real Estate Equity Strategies, LLC (Equity Strategies), brought this action against the Internal Revenue Service (IRS) to quiet title to a parcel of property located at 14909 Crown Drive, Minnetonka, Minnesota (Property). The facts of this case are generally undisputed and were set forth in an Order dated August 29, 2006. Briefly, James and Kathryn Moore defaulted on a mortgage on the Property. Avidigm Capital Group, Inc. (Avidigm), bought the Property at a sale by the Hennepin County Sheriff (Sheriff) on September 16, 2004. During the mortgagors' redemption period, the Internal Revenue Service filed three Notices of Intention to Redeem, and REES-MAX, LLC, filed six Notices of Intention to Redeem.[1] The mortgagors' redemption period expired on March 16, 2005.

On April 11, 2005, the IRS presented $96,915.77 to the Sheriff to redeem the Property. The Sheriff rejected the IRS's redemption. The IRS nevertheless drafted its own Certificate of Redemption pursuant to 26 U.S.C. § 7425(d) (2000). On April 15, 2005, the IRS directed the Sheriff to forward the funds to Avidigm.

---

[1] The parties agree that REES-MAX filed the Notices of Intention to Redeem due to a scrivener's error. *Real Estate Equity Strategies, LLC v. IRS*, Civ. No. 05-1008, 2006 WL 2506981, at *2 n.2 (D. Minn. Aug. 29, 2006).

On May 17, 2005, Equity Strategies attempted to redeem the Property from Avidigm. Because the IRS had already issued a Certificate of Redemption, Avidigm declined to issue a certificate to Equity Strategies.  On May 18, 2005, Equity Strategies tendered $96,915.77 to the Sheriff.  The Sheriff declined to issue a certificate to Equity Strategies, but agreed to hold the funds pending a judicial determination of Equity Strategies' entitlement of a certificate.  One week later, Equity Strategies commenced this action.

On August 29, 2006, the Court granted in part and denied in part Equity Strategies' motion for summary judgment, denied the IRS's motion for summary judgment, deemed the IRS's Certificate of Redemption invalid, ordered the IRS to revoke its Certificate of Redemption, and ordered Equity Strategies to inform the Court as to its claim for damages.  Reasoning that it seemed likely that Avidigm had an interest in whether Equity Strategies tendered an amount sufficient to redeem, the Court declined Equity Strategies' request for a declaration of entitlement to a Certificate of Redemption.  The Court has not entered a final judgment in this case.  The Court now reconsiders the August 29 Order.  *See* Fed. R. Civ. P. 54(b) (providing that any order is "subject to revision at any time" before entry of final judgment).

The Court begins with the IRS's redemption.  In April 2005, the IRS redeemed the Property.  Avidigm could have contested the IRS's redemption but did not.  *See Hughes v. Olson*, 77 N.W. 42, 42 (Minn. 1898); *Sieve v. Rosar*, 613 N.W.2d 789, 794 (Minn. Ct. App. 2000).  Instead, Avidigm accepted the IRS's redemption money.  Thus, Avidigm waived any defects in the IRS's right to redeem.  *See Grant v. Bibb*, 152 N.W. 728, 729 (Minn. 1915); *Orr v. Sutton*, 148 N.W. 1066, 1069-70 (Minn. 1914).

Equity Strategies nevertheless can contest the IRS's redemption if Equity Strategies "availed [itself] of the right to redeem strictly in accordance with the provisions of the

[redemption] statute." *Orr*, 148 N.W. at 1069-70. The IRS asserts that Equity Strategies failed to comply with several requirements of the redemption statute. In the August 29 Order, the Court concluded that the IRS lacks standing to object to Equity Strategies' alleged deficiencies. The sole case cited in the August 29 Order to support this conclusion is *Remole v. Jonathan Development Corp.*, 277 N.W.2d 362 (Minn. 1979), which held that "the holder of a sheriff's certificate of sale has no standing to contest a junior lienholder's failure to file a timely notice of intent to redeem." 277 N.W.2d at 363. The court in *Remole* reasoned that a notice of intent to redeem serves no purpose for the holder of the sheriff's certificate of sale because the holder "has no right to redeem but instead holds subject to redemption by the mortgagor and junior lienholders." *Id.* *Remole* does not absolutely prohibit a senior creditor that redeemed from objecting to a junior creditor's redemption. *See Johnson v. Melges*, 203 N.W. 983, 983 (Minn. 1925); *Orr*, 148 N.W. at 1069-70; *cf. Sieve*, 613 N.W.2d at 793-94 (rejecting argument that purchaser at sheriff's sale cannot object to creditor's late submission of redemption funds).

The IRS's objections to Equity Strategies' attempted redemption include Equity Strategies' alleged tender of insufficient redemption funds. The Court concludes that the IRS is entitled to assert this objection. *See Sieve*, 613 N.W.2d at 793-94. As noted above, the IRS paid Avidigm $96,915.77 to redeem. More than one month later, Equity Strategies tendered the same sum to the Sheriff. The amount required from Equity Strategies to redeem includes interest to the date of its attempted redemption. *See* Minn. Stat. § 580.24(c) (2006). By tendering the same sum paid by the IRS to Avidigm, Equity Strategies failed to include interest from the IRS's redemption. Consequently, Equity Strategies' tender is insufficient. The Court therefore concludes that Equity Strategies cannot contest the IRS's redemption and that Equity Strategies is not entitled to a Certificate of Redemption. *See Orr*, 148 N.W. at 1069-70.

The conclusions above resolve the claims in Equity Strategies' Complaint. In Count I, Equity Strategies seeks to invalidate the IRS's Certificate of Redemption and to direct the Sheriff to issue a Certificate of Redemption to Equity Strategies. In Count II, Equity Strategies seeks damages because the IRS allegedly deprived Equity Strategies of the opportunity to redeem. Equity Strategies cannot contest the IRS's redemption, is not entitled to a Certificate of Redemption, and could have redeemed by tendering sufficient funds.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The August 29, 2006, Order [Docket No. 38] is VACATED insofar as it deemed the IRS's Certificate of Redemption invalid and ordered the certificate's revocation.

2. Equity Strategies' motion for summary judgment [Docket No. 17] is DENIED.

3. The IRS's motion for summary judgment [Docket No. 23] is GRANTED.

4. This case is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 8, 2007

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge